## J. O. H. BENNETTE v. O. M. COLLINS.

### Decided February 16, 1909.

**1.—Limitation—Privity of Claim—Evidence.**

Under a plea of title by limitation under the ten years statute of limitation, evidence as to privity of claim and possession considered, and held sufficient to support a finding that there was continuous and adverse possession, such as is required by the statute, by successive claimants holding in privity, each with his predecessor, and that they all claimed and held to the same boundaries.

**2.—Same—Adverse Possession—Knowledge of Boundaries.**

When one buys and occupies a tract of land by a certain name or designation the boundaries of which are definitely established, it is not essential to a title by limitation that he should know the precise boundaries of the tract.

**3.—Title—Declarations as Evidence.**

Testimony as to the declarations of one not in possession of the land in controversy to the effect that he owned said land, is properly excluded upon objection that said testimony is hearsay.

Appeal from the District Court of Montgomery County. Tried below before Hon. L. B. Hightower.

*A. L. Kayser* and *J. Llewellyn*, for appellant.—When plaintiff seeks to tack his possession to that of others under whom he claims, it is essential that privity of contract or estate between him and each of those whose possession he seeks to receive the benefit of should be shown by the evidence. Bracken v. Jones, 63 Texas, 186; Chance v. Branch, 58 Texas, 492; Forstad v. Golson, 14 S. W., 232; Titel v. Garland, 87 S. W., 1152.

In order to sustain a recovery under the ten years statute of limitation the plaintiff and each of those under whom he claims must have had and held adverse claim and possession of the specific land sought to be recovered by the boundaries claimed in plaintiff's petition.

The plaintiff claiming to hold under A. V. Faulkner and not under Sam Faulkner, the testimony of T. W. Gray that at the time he rented the place in controversy from Sam Faulkner he, said Sam Faulkner, claimed to own same, was material, and it was error to exclude same.

The court erred in refusing to instruct the jury as requested in defendant's special charge number two, as the evidence shows or tends to show that the said Athey did not claim to the west boundary line of the Presley Gill survey, said west line of the Presley Gill survey being the east line of the land claimed by plaintiff in this suit, adverse claim on the part of the said Athey of the land described in plaintiff's petition being essential to plaintiff's recovery herein.

*C. W. Nugent* and *W. N. Foster,* for appellee.

REESE, ASSOCIATE JUSTICE.—O. M. Collins instituted this action in trespass to try title on April 18, 1903, against J. O. H. Bennette. Plaintiff also claimed damages for value of timber cut. The trial was with a jury, resulting in a verdict and judgment for plaintiff for the land and damages, from which defendant appeals.

Plaintiff's title was under the statute of limitations of ten years. The tract consisted of 157½ acres and was known as the "Asa Walker place," first settled in 1887 by Asa Walker, who built a house and cleared a field and claimed the land according to defined boundaries. Walker had no title, but took possession for the purpose of getting title by limitation, and his possession was such as to support such claim. The land passed, by successive parol sales, through several intermediate owners to appellee, who bought and went into possession in 1898 or 1899. He seems to have ceased to occupy and cultivate the place in the spring of 1901.

We find that at least for ten years continuously prior to the filing of the suit there was actual, adverse possession of the tract, under definite claim as to boundaries, of such a character as to support the statute of limitations of ten years, and that each of the persons who so occupied the land held the same under privity of claim and possession with his predecessors in possession, constituting an unbroken chain of such actual adverse possession for ten years preceding the filing of the suit.

Under the view we take of the case we do not think it necessary to discuss separately each of the numerous assignments of error. They present in various ways only two or three general propositions.

It is contended by appellant that a verdict should have been directed for him on the ground that the evidence did not show privity of claim and possession between all of the various persons whose possession is necessary to support appellee's title. The testimony of appellee's witness, Asa Collins, showed sufficiently the possession of the various intermediate claimants and the privity between them, except as to Bashell and J. C. McShan. This witness first testified as to the purchase by each of the holders of the claim and title of his predecessor, but upon his statement that such testimony was hearsay

it was stricken out by the court on motion of appellant. Thereupon the witness testified as to such privity and adverse claim of the land from statements made to him by each of said owners or claimants while in possession of the land, to the general effect that he had bought the place, that is, the land and improvements, from his predecessor in possession. It is clear what land is referred to and that it was the Asa Walker place, and the same land described by metes and bounds in appellee's third amended petition on which he went to trial. This witness testified that he did not know anything about the claim of Bashell or J. C. McShan, or that they claimed and held in privity with their predecessors in possession. Both Bashell and McShan testified that they only bought the improvements from their predecessors and only sold the improvements and did not claim the land adversely to the owner. Bashell's possession was in 1889 and is not necessary to establish appellee's claim, there being since that time ten years of such possession as is necessary. McShan, however, had possession in 1891, and possibly there has not been sufficient length of possession since then and up to the time appellee ceased to occupy, in 1901, to complete the ten years possession. There was testimony showing, however, both as to Bashell and McShan that each of them bought from his predecessor not only the improvements, but also the land, the "Asa Walker place," and that each of them sold to his successor in the possession not only the improvements, but the land as well.

The issue of privity of claim was submitted to the jury under appropriate instructions, and the evidence was sufficient to sustain a finding that both Bashell and McShan claimed the land while in possession just as the others did. The fact that they bought the land as well as the improvements, went into possession and cultivated it and afterwards sold the land as well as the improvements, authorized the jury to conclude that while in possession they each claimed the land and not the improvements only, notwithstanding their testimony, fifteen or twenty years after, that they claimed only the improvements. Both Bashell and McShan speak of having bought and sold "the place." Hicks McGee bought from Bashell and sold to McShan, and it clearly appears from the testimony of Mrs. McGee that he bought the land as well as improvements, and sold the same to McShan. The testimony is sufficient to authorize a finding that from the possession of Asa Walker in 1887 up to 1901 there was continuous adverse possession, such as is required by the statute, by the successive claimants holding under privity each with his predecessor.

The evidence was likewise sufficient to show that each of the parties claimed the "Asa Walker place," and that the tract so known has definite boundaries, which are the same as shown in the petition. (Davis v. Receivers of Houston Oil Co., 50 Texas Civ. App., 597.) The tract was supposed to contain 160 acres, but a survey made after the suit was filed showed that the lines of the claim only included 157½ acres.

What we have said disposes of assignments of error from one to nine, which are severally overruled.

It was not essential to the claim of Will Athey that he should have

known the precise boundaries of the land. He bought, held and claimed the Asa Walker place, the boundaries of which are shown. That was sufficient. The same must be said as to the possession and claim of Hicks McGee, Will Lewis and Dr. Howard. Assignments of error from ten to thirteen presenting the point are without merit.

There was no error in excluding the testimony of T. W. Gray and Kirk Finklea, referred to in the fourteenth and fifteenth assignments. The testimony was hearsay and not admissible.

The sixteenth assignment of error is without merit. It is clear from the testimony of E. J. Athey that Will Athey claimed the Asa Walker place. Possibly he did not know that the Presley Gill west line was the boundary, and may have been mistaken as to the boundaries of the tract, but he bought and claimed and sold the Asa Walker tract, and it must be held that he claimed to the boundaries of that tract. The assignment referred to is based upon the refusal of the court to give a special instruction requested by appellant, that unless the jury believed that Will Athey claimed to the west line of the Presley Gill survey, they should return a verdict for defendant. At all events, this single fact would not require a verdict for defendant for the entire tract, and on this ground also the instruction was properly refused.

The court did not err in taxing the entire costs against defendant. Appellant's contention on this point is based upon the ground, as alleged, that the original petition did not describe the same land as that described in the third amended petition upon which the case was tried. This contention is not supported by the record. The original petition gave a general description in which the boundaries were not exactly defined. Afterwards the land was surveyed and the third amended petition described it by the field notes of the survey. It is clear that it is the same tract described in the original petition.

We have examined all of the assignments of error and the propositions thereunder. None of them can be sustained, and they are severally overruled without further discussion. We find no error and the judgment is affirmed.

*Affirmed.*